# United States Bankruptcy Court
# For the District of Puerto Rico

In re: LAURA I GALINDEZ MATOS

Case No. 17-01578-ESL

Debtor

Chapter 11

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DISCLOSURE STATEMENT FOR THE CHAPTER 11 PLAN OF REORGANIZATION OF LAURA I GALINDEZ MATOS

**This is the disclosure statement (the "Disclosure Statement") in the Small Buisness Chapter 11 case of DR. LAURA I GALINDEZ MATOS (the Debtor).  This Disclosure Statement contains information about the Debtor and describes the Plan of Reorganization (the "Plan") filed by the Debtor on SEMPTEMBER 5, 2017.   A full copy of the Plan is submitted with this Disclosure Statement as a separate document.   Your rights may be affected.   You should read the Plan and this Disclosure Statement carefully and discuss them with your attorney.  If you do not have an attorney, you may wish to consult one.**

**The proposed distributions under the Plan are discussed at pages 9-14 of this Disclosure Statement.  [General unsecured creditors are classified in Class 2, and will receive a distribution of 3% of their allowed claims.]**

## *Table of Contents*

Article I –  Introduction……….…………………………………………………………3

Article II – Background……….……………………………………………………….5

Article III– Summary of Plan of Reorganization and Treatment of Claims ….7

Article IV –Confirmation Requirements and Procedures…..………………….…..15

Article V – Effect of Confirmation of Plan.……………………..…………………….18

Article VI –Other Plan Provisions…………………………….…..…………………....19

Exhibit A – Executory Contracts Assumed by Debtor

Exhibit B – Estate's Assets

Exhibit C – Debtor's Statement of Financial Condition at Petition Date

Exhibit D – Summary of Debtor's Periodic Operating Reports

Exhibit E – Projected Financial Information

Exhibit F – Liquidation Analysis

Exhibit G – Claims Detail

Exhibit G1 – Claims Summary

# ARTICLE I
## INTRODUCTION

This is the Disclosure Statement (the "Disclosure Statement") in the Small Business Chapter 11 case of LAURA I GALINDEZ MATOS (the Debtor).   This Disclosure Statement contains information about the Debtor and describes the Plan of Reorganization (the Plan) filed by the Debtor on September 5, 2017. A full copy of the Plan is submitted with this Disclosure Statement as a separate document. **Your rights may be affected.   You should read the Plan and this Disclosure Statement carefully and discuss them with your attorney.   If you do not have an attorney, you may wish to consult one.**

The proposed distributions under the Plan are discussed at pages 9-14 of this Disclosure Statement.   [General unsecured creditors are classified in Class 2, and they will receive a reduced distribution of their allowed claims.]

### A. Purpose of This Document

This Disclosure Statement includes, without limitation, information about:

- the Debtor's history and significant events during the bankruptcy case;

- events leading to the Chapter 11 case;

- the classification and treatment of claims and interests under the Plan, including who is entitled to vote on the Plan;

- significant aspects of the Plan, including how distributions under the Plan will be made;

- the statutory requirements for confirming the Plan;

- certain risk factors creditors should consider before voting and information regarding alternatives to confirmation of the Plan; and

- certain income tax consequences of the Plan.

In light of the foregoing, Debtor believes that the Disclosure Statement contains "adequate information" to enable a hypothetical reasonable investor to make an informed judgment about the Plan filed and complies with all aspects of section 1125 of the Bankruptcy Code.

Debtor believes the Plan to be filed is in the best interest of his estate and his creditors and strongly recommend that you vote to accept the Plan filed if you are entitled to vote.   Assuming the requisite acceptances to the Plan are obtained, the Debtor will seek the Bankruptcy Court's approval of the Plan at the Confirmation Hearing.

The Plan filed and all the documents to be executed, delivered, assured, and/or performed in connection with the Consummation of the Plan, are subject to revision and modification from time to time prior to the Effective Date.

## B. Overview of Chapter 11

Chapter 11 is the principal business reorganization chapter of the Bankruptcy Code. In addition to permitting Debtor's rehabilitation, Chapter 11 promotes equality of treatment for similarly situated creditors and similarly situated equity interest holders, subject to the priority of distributions prescribed by the Bankruptcy Code.

The commencement of Chapter 11 Case creates an estate that comprises all of the legal and equitable interests of the Debtor as of the bankruptcy commencement date (the "Petition Date").  The Bankruptcy Code provides that the Debtor may continue to operate its business and remain in possession of its property as a "debtor in possession".

Consummating a plan is the principal objective of a Chapter 11 Case.  The Bankruptcy Court's confirmation of a plan binds the Debtor, any person acquiring property under the plan, any creditor or equity interest holder of a debtor and any person or entity as maybe ordered by the Bankruptcy Court, in accordance with the applicable provisions of the Bankruptcy Code.  Subject to certain limited exceptions, the order issued by the Bankruptcy Court confirming a plan provides for the treatment of the Debtor's debt in accordance with the terms of the confirmed plan.

## C. Deadlines for Voting and Objecting: Date of Plan Confirmation Hearing

This section describes the procedures pursuant to which the Plan will or will not be confirmed.

   1. *Time and Place of the Hearing to Confirm the Plan.*

 *A Hearing will be scheduled by the Court in which it will determine whether to finally approve this Disclosure Statement and confirm the Plan at **JOSE V TOLEDO FED BLDG & US COURTHOUSE, 300 RECINTO SUR, 2ND FLOOR COURT ROOM 1** at the Bankruptcy Court for the District of Puerto Rico.  Notice of hearing will be given to all parties in interest.*

   2. *Deadline for Voting to Accept or Reject the Plan.*

If you are entitled to vote to accept or reject the plan, vote on the enclosed ballot and return the ballot in the enclosed envelope to **EMILY D. DAVILA, ESQ., 420 PONCE DE LEON, MIDTOWN #311, SAN JUAN, PR 00918**.

   3. *Deadline for Objecting to the Adequacy of Disclosure and Confirmation of Plan.*

4

Objections to this Disclosure Statement or to the confirmation of the Plan must be filed with the Court fourteen (14) days prior to the scheduled Hearing on approval of Disclosure Statement.

> 4. *Identity of person to Contact for More Information*

If you want additional information about the Plan, you should contact Attorney Emily D. Dávila.

# ARTICLE II
## BACKGROUND

### A. Description and History of the Debtor's Business

Debtor is an individual engaged for several years in providing specialized cardiology medical services to private patients under coverage of health insurance companies. Debtor's medical office is in a small family owned property located in San Juan

During the last years, Debtor was relying on accountants the filing and payment of payroll tax returns, personal income tax returns and self-employment tax returns.

In many instances, the tax filings and payments were not issued properly and significant tax debts were accumulated.  The governmental agencies began aggressive collection efforts and several levies were imposed on the Debtor's bank accounts and on receivable balances from medical plans affecting the Debtor's cash flows.

In addition, cash flows of the Debtor's medical office have been also affected for the continuous reductions in the reimbursement amounts imposed by the health insurance companies.

### B. Management of the Debtor Before and During the Bankruptcy

Debtor has managed her medical office for many years and will continue working on it during the Bankruptcy.  Debtor's compensation after deducting office expenses is $15,000 per month, necessary to cover her personal expenses and the proposed monthly payment under the reorganization plan.

Monthly personal expenses of Debtor are averaged for financial projection purposes on the basis of cumulative total in MORs filed thru July 2016 but might fluctuate month to month depending on several factors, mainly, the fact that Debtor operates on a cash basis; hence expenses will fluctuate depending the income available to pay the same.  Also, cash flows from medical plans and certain nonrecurring disbursements for professional and educational activities are considered as ordinary and necessary for the Debtor's profession.

5

### C. *Events Leading to the Commencement of the Chapter 11 Case*

1. Debtor is a cardiologist who provides services to patients under coverage of health insurance providers in an office located in San Juan.
2. Debtor delegated the administration of her office to an accountant who was not complying with the filing and payment of tax obligations.
3. Tax debts and related penalties and charges were accumulated at extremely high levels that could not be paid by Debtor.
4. The PR Treasury Department, under the administration of the former Secretary of the Treasury, denied the Debtor's petition to enter into a payment plan agreement and began an aggressive collection effort by the end of year 2016, including liens on the Debtor's bank account and accounts receivable from medical plans.
5. The Internal Revenue Service also began aggressive collection efforts including liens the Debtor's bank account and accounts receivable from medical plans.
6. Debtor's cash flows suffered a negative impact because of the governmental agencies actions to collect amounts owed.
7. On March 7, Debtor filed the present Bankruptcy case under Chapter 11 of the US Bankruptcy Code in order to reorganize its business.

### D. *Significant Events During Debtor's Chapter 11 Case*

While operating as debtor in possession under Chapter 11 Case, Debtor has been working in his office trying to stabilize his operation and cash flows.

During Debtor's bankruptcy case there have not been any assets sales outside the ordinary course of business.

During Debtor's bankruptcy case there have not been any financing or cash collateral orders.

During Debtor's bankruptcy case there have not been any professionals approved by the Court other than Debtor's attorney and other special counsels.

During Debtor's bankruptcy case, there have not been any adversary proceedings filed or significant litigation, including contested claim disallowance proceedings. There are no significant legal proceedings that are pending during the case in a forum other than the Court.

During the last several months, Debtor has implemented various administrative actions to reduce his overhead, making the operation of his medical office to be more cost efficient and effective. Actions taken include personal and direct supervision of personnel, more aggressive collection efforts with medical plans, avoidance of unnecessary expenses and hiring of an experienced accountant responsible of tax matters.

6

### E.  Avoidance Actions

The Debtor does not intend to pursue preference, fraudulent conveyance, or other avoidance actions.

### F.  Claims Objections

Except to the extent that a claim is already allowed pursuant to a final non-appealable order, the Debtor reserves the right to object claims.  Therefore, even if your claim is allowed for voting purposes, you may not be entitled to a distribution if an objection to your claim is later upheld.  The procedures for resolving disputed claims are set forth in Article XI of the Plan.

### G.  Current and Historical Financial Conditions

The identity and fair market value of the estate's assets are listed in **Exhibit B**. Debtor is an individual who has not issued pre-bankruptcy financial statements because they were not necessary.  The assets and liabilities of Debtor at the filing date are shown in **Exhibit C**.  A summary of the Debtor's periodic operating reports filed for the last three months of the Debtor's bankruptcy case is set forth in **Exhibit D**.  Financial projections for the following 5 years are set forth in **Exhibit E**.

## ARTICLE III
## SUMMARY OF THE PLAN OF REORGANIZATION AND TREATMENT OF CLAIMS

### A.  What is the Purpose of the Plan of Reorganization?

As required by the Code, the Plan places claims and equity interests in various classes and describes the treatment each class will receive. The Plan also states whether each class of claims or equity interests is impaired or unimpaired. If the Plan is confirmed, your recovery will be limited to the amount provided by the Plan.

### B.  Unclassified Claims

Certain types of claims are automatically entitled to specific treatment under the Code. They are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the Plan Proponent has *not* placed the following claims in any class:

    1.  *Administrative Expenses*

Administrative expenses are costs or expenses of administering the Debtor's Chapter 11 case which are allowed under § 507(a)(2) of the Code. Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment. The following chart lists the Debtor's estimated administrative expenses and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Expenses Arising in the Ordinary Course of Business After the Petition Date. | -0- | Paid in full on the effective date of the Plan, or according to terms of obligation if later |
| The Value of Goods Received in the Ordinary Course of Business Within 20 Days Before the Petition Date by the Court. | -0- | Paid in full on the effective date of the Plan, or according to terms of obligation if later |
| Professional Fees, as approved by the Court. | -0- | Paid in full on the effective date of the Plan, or according to separate written agreement, or according to Court order if such fees have not been approved by the Court on the effective date of the Plan |
| Clerk's Office Fees | -0- | Paid in full on the effective date of the Plan |
| Other administrative expenses | -0- | Paid in full on the effective date of the Plan or according to separate written agreement |
| Office of the U.S. Trustee Fees | -0- | Paid in full on the effective date of the Plan |
| TOTAL | -0- | |

2. *Priority Tax Claims*

Priority tax claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code.  Unless the holder of such a § 507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such claim, in regular installments paid over a period not exceeding five (5) years from the order of relief. It is expected that the Reorganization Plan is to be approved in November 2016 and the Effective Date of the Plan will be some 30 days following the confirmation order. As a result, Debtor will have no more than 40 months following confirmation of the Plan to complete the payment of such priority tax claims that amount to $114,391.

The following chart lists the Debtor's estimated § 507(a)(8) priority tax claims and their proposed treatment under the Plan:

| Description | Estimated Amount Owed | Date of Assessment | Treatment |
|---|---|---|---|
| *Internal Revenue Service*<br><br>Self employment tax. | $ 79,657.87 | 2014-2016 | Pmt interval        = Monthly<br><br>Payment          = $1,845.10<br><br>Payments begin – 11/2017.<br><br>Payments end - On the 52th installment (3/2022)<br><br>Interest Rate %    =5.0<br><br>Total Payout        =$95,945.20 |
| *Municipio de San Juan*<br><br>Municipal tax on business volume. | $ 5,810.51 | 2014-2016 | Pmt interval        = Monthly<br><br>Payment          = $262.61<br><br>Payments begin – 11/2017.<br><br>Payments end - On the 52th installment (3/2022)<br><br>Interest Rate %    =5.0<br><br>Total Payout        =$13,655.72 |
| *PR Department of the Treasury*<br><br>Trust fund penalty<br><br>Income tax withheld on professional | $125,646.70 | 2014-2017 | Pmt interval        = Monthly<br><br>Payment          = $2,830.60<br><br>Payments begin – 11/2017.<br><br>Payments end - On the 52th |

| services paid. | | | installment (3/2022) |
|---|---|---|---|
| | | | Interest Rate %  =5.0 |
| | | | Total Payout  =$147,191.20 |
| CRIM | | | Pmt interval  = Monthly |
| *Real property tax.* | $ 2,290.99 | 2014-2016 | Payment  = $187.19 |
| | | | Payments begin – 11/2017. |
| | | | Payments end - On the 52th installment (3/2022) |
| | | | Interest Rate %  =5.0 |
| | | | Total Payout  =$9,733.88 |

### C. *Classes of Claims and Equity Interests*

The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan:

1. *Classes of Secured Claims*

Allowed secured claims are those secured by property of the Debtor's bankruptcy estate (or that are subject to set off) to the extent allowed as secured claims under §506 of the Code.  If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will be classified as a general unsecured claim.

Secured Claims in this case include the amounts owed on two auto loans which are secured by two motor vehicles that are to be kept by Debtor and that had a combined estimated fair value of $99,675 at the petition date.  Since the value of the collateral is not sufficient to pay the entire creditor's claims of $159,571, then the secured claims are allowed to the extent of the collateral value.  Pursuant to §506(a), a general unsecured claim is allowed in the amount of $59,896 that represents the excess of total claim over the collateral value.

Proposed treatment under the plan provides for the creditors to receive full payment of the allowed secured claims in 60 monthly installments of $2,116, including interest at an annual rate of 5.0%.

In addition to the two properties referred to in the previous paragraphs, Debtor owns other motor vehicle that serves as collateral for a claim of $17,972.73 from Popular Auto.  Debtor notified her decision that this property is not to be retained and is to be released from the stay.  As a result, the property is not included as an asset in the liquidation analysis and the related secured claim is not included as

part of the Secured Claims in this case.  Secured creditor will retain its lien over the collateral property released from stay.

The following chart lists all classes of Debtor's secured claims and their proposed treatment under the Plan:

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| 1 | *Secured claim of:*<br><br>**Mercedes Benz Financial**<br><br>Collateral description= 2015 Mercedes-Benz S550W<br><br>Allowed Secured Amount= **$67,550** for outstanding principal balance<br><br>Priority of liens= first priority<br><br>Principal and arrears owed = $117,133<br><br>Total claim = $117,133 | Impaired | Monthly Pmt   =$1,392.39<br><br>Payments begin - Upon confirmation of plan<br><br>Payments end - On the 60th installment<br><br>Balloon payment   =$-0-<br><br>Interest rate   = 5.0%<br><br>Treatment of Lien = lien secured to the extent of collateral value |
| 1 | *Secured claim of:*<br><br>**Mercedes Benz Financial**<br><br>Collateral description= 2016 Mercedes-Benz M1 PV126<br><br>Allowed Secured Amount= **$32,125** for outstanding principal balance<br><br>Priority of liens= first priority<br><br>Principal and arrears owed = $42,438<br><br>Total claim = $42,438 | Impaired | Monthly Pmt      =$723.87<br><br>Payments begin - Upon confirmation of plan<br><br>Payments end - On the 60th installment<br><br>Balloon payment   =$-0-<br><br>Interest rate   = 5.0%<br><br>Treatment of Lien = lien secured to the extent of collateral value |

   2.  *Classes of Priority Unsecured Claims*

Certain priority claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes. The Code requires that each holders of such claim receive cash on the effective date of the Plan equal to the allowed amount of such claim. However, a class of holders of such claims may vote to accept different treatment.

The following chart lists all classes containing under §§ 507(a)(1), (4), (5), (6), and (a)(7) of the Code and their proposed treatment under the Plan:

11

| Class # | Description | Impairment | Treatment |
|---------|-------------|------------|-----------|
| N/A | Priority unsecured claim pursuant to Section 507(a)(1), (4),(5),(6) and (7)<br><br>Total claims= $-0- | N/A | N/A |

### 3. Classes of General Unsecured Claims

General unsecured claims are not secured by property of the estate and are not entitled to priority under §507(a) of the Code.  The following chart identifies the Plan's proposed treatment for the general unsecured claims in Class 2.

Class 2 includes general unsecured claims that are proposed to be paid under the Plan on the basis of 3.0% of the allowed claim thru a combined monthly payment of $322.

The following chart identifies the Plan's proposed treatment for the general unsecured claims in Class 2.  See also related **Exhibit G** and **Exhibit G1**.

| Class # | Description | Impairment | Treatment |
|---------|-------------|------------|-----------|
| 2 | General Unsecured Claims<br><br>Total claims=$644,510 | Impaired | Monthly Pmt    =$ 322<br><br>Payments begin – Upon confirmation of plan<br><br>Payments end – On the 60th monthly installment<br><br>Balloon pmt       =-0-<br><br>Interest rate % =-0-<br><br>Total payout      = $19,335<br><br>Estimated percent of claim to be paid           = 3.0% |

### 3. Class of Equity Interest Holders

Equity interest holders are parties who hold an ownership interest (i.e., equity interest) in the Debtor. In a corporation, entities holding preferred or common stock are equity interest holders. In a partnership, equity interest holders are the members. Finally, with respect to an individual who is a debtor, the Debtor is the equity interest holder.

The following chart sets forth the Plan's proposed treatment of the class of equity interest holders:

| Class # | Description | Impairment | Treatment |
|---------|-------------|------------|-----------|
| 3 | Equity interest holder (Debtor) | Unimpaired | Retains his rights |

### D. Means of Implementing the Plan

Total combined monthly payment proposed under the Plan is $7,564, including $5,126 through a 52 months term in the case of priority tax debts, $$2,116 through a 60 months term in the case of secured debt, and $322 through a 60 months term in the case of general unsecured debt, all of them beginning 30 days after confirmation of plan.

1) Source of funds for payments under the Plan are to be the following:

Collection of medical services rendered to patients and mostly billed to health insurance providers, proyected at $43,000 per month as per cumulative total in amended MORs thru July 2017.  Net monthly business income is projected at $15,000 to cover the proposed monthly payment under the plan as well as Debtor's personal living expenses.

2) Post-confirmation Management

The post-Confirmation Manager of the Debtor, and his compensation, shall be as follows:

Name: Laura I. Galindez

Position: Debtor

Compensation: $15,000

Compensation is net from business expenses of debtor

13

### E.  Risk Factors

The proposed Plan faces as a major risk the reduction of Debtor's revenues because one or a combination of the following factors:

1. Debtor's sickness or disability

2. Changes in payment rates and /or cancellation of contracts by health insurance providers.

In the remote event of non compliance with the Plan's provisions because of some of these risk factors, creditors will be limited to subsequently collect the amounts actually due on their claims as provided by the Plan.

### F.   Executory Contracts and Unexpired Leases

In **Exhibit A**, the Plan lists all executory contracts and unexpired leases that the Debtor will assume under the Plan.  Assumption means that the Debtor has elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of the type that must be cured under the Code, if any.

If you object to the assumption of your unexpired leases or executory contracts, the proposed cure of any defaults, or the adequacy of assurance of performance, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan, unless the Court has set an earlier time.

### G. Tax Consequences of Plan

**Creditors and Equity Interest Holders Concerned with How the Plan May Affect Their Tax Liability Should Consult with Their Own Accountants, Attorneys, And/ Or Advisors.**

The following are the anticipated tax consequences of the Plan:

(1) Tax consequences to the Debtor of the Plan

Section 1031.01(a)(10) of the PR Internal Revenue Code of 2011, as amended, states that the income resulting for a Debtor on a debt discharge under a bankruptcy proceeding will be excluded from taxable income for purposes of PR income taxes.  If there is not a debt discharge at all, there will not be any tax impact.

(2) General tax consequences on creditors of any discharge.

Creditors will take a deduction for the loss arising from the write off of accounts receivable that are not to be collected, in the year the write off is recognized for tax purposes.

14

## *ARTICLE IV*
### CONFIRMATION REQUIREMENTS AND PROCEDURES

To be confirmable, the Plan must meet the requirements listed in §§ 1129(a) or (b) of the Code.  These include the requirements that: the Plan must be proposed in good faith; at least one impaired class of claims must accept the plan, without counting votes of insiders; the Plan must distribute to each creditor and equity interest holder at least as much as the creditor and equity interest holder at least as much as the creditor or equity interest holder would receive in a chapter 7 liquidation case, unless the creditor or equity interest holder votes to accept the Plan; and the Plan must be feasible.   These requirements are <u>not</u> the only requirements listed in §1129, and they are not the only requirements for confirmation.

### *A. Who May Vote or Object*

Any party in interest may object to the confirmation of the Plan if the party believes that the requirements for confirmation are not met.

Many parties in interest, however, are not entitled to vote to accept or reject the Plan. A creditor or equity interest holder has a right to vote for or against the Plan only if that creditor or equity interest holder has a claim or equity interest that is both (1) allowed for voting purposes and (2) impaired.

In this case, the Plan Proponents believe that Classes 1 and 2 are impaired and that holders of claims in those classes are therefore entitled to vote to accept or reject the Plan. The proponents of the plan believe Class 3 is the only unimpaired class not entitled to vote.

*What is an Allowed Claim or an Allowed Equity Interest?*

Only a creditor or equity interest holder with an allowed equity interest has the right to vote on the Plan. Generally, a claim or equity interest is allowed if either (1) the Debtor has scheduled the claim on the Debtor's schedules, unless the claim has been scheduled as disputed, contingent or unliquidated or (2) the creditor has filed a proof of claim or equity interest, unless an objection has been filed to such proof of claim or equity interest. When a claim or equity interest is not allowed, the creditor or equity interest holder holding the claim or equity interest cannot vote unless the Court, after notice and hearing, either overrules the objection or allows the claim or equity interest for voting purposes pursuant to Rule 3018 (a) of the Federal Rules of Bankruptcy Procedure.

**The deadline for filing a proof of claim for all creditors except governmental entities in this Case was July 20, 2017, government deadline was September 5 , 2017.**

1. *What is an Impaired Claim or Impaired Equity Interest?*

As noted above, the holder of an allowed claim or equity interest has the right to vote only if it is in a class that is *impaired* under the Plan. As provided in § 1124 of the Code, a class is considered impaired if the Plan alters the legal, equitable, or contractual rights of the members of that class.

### 2. Who is **Not** Entitled to Vote

The holders of the following five types of claims and equity interests are *not* entitled to vote:

- Holders of claims and equity interests that have been disallowed by an order of the Court;

- Holders of other claims or equity interests that are not "allowed claims" or "allowed equity interests" (as discussed above), unless they have been "allowed" for voting purposes.

- Holders of claims or equity interests in unimpaired classes;

- Holders of claims entitled to priority pursuant to §§ 507(a)(2), (a)(3), and (a)(8) of the Code; and

- Administrative expenses.

**Even If You Are Not Entitled to Vote on the Plan, You Have a Right to Object to the Confirmation of the Plan and to the Adequacy of the Disclosure Statement.**

### 3. Who Can Vote in More than One Class

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim, or who otherwise hold claims in multiple classes, is entitled to accept or reject a Plan in each capacity, and should cast one ballot for each claim.

### B. Votes Necessary to Confirm the Plan

If impaired classes exist, the Court cannot confirm the Plan unless (1) at least one impaired class of creditors has accepted the Plan without counting the votes of any insiders within that class, and (2) all impaired classes have voted to accept the Plan, unless the Plan is eligible to be confirmed by a cram down's on non-accepting classes, as discussed later in Section [B.2.].

### 1. Votes Necessary for a Class to Accept the Plan

A class of claims accepts the Plan if both of the following occur: (1) the holders of more than one-half (1/2) of the allowed claims in the class, who vote, cast to accept the Plan, and (2) the holders of at least two-thirds (2/3) in dollar amount of the allowed claims in the class, who vote, cast their votes to accept the Plan.

A class of equity interests accepts the Plan if the holders of at least two-thirds (2/3) in amount of the allowed equity interests in the class, who vote, cast their votes to accept the Plan.

2. *Treatment of Non accepting Classes*

Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan if the non accepting classes are treated in the manner prescribed by §1129(b) of the Code. A plan that binds non accepting classes is commonly referred to as a cram down's plan. The Code allows the Plan to bind non accepting classes of claims or equity interests if it meets all the requirements for consensual confirmation except the voting requirements §1129(a)(8) of the Code, does not discriminate unfairly, and is a fair and equitable toward each impaired class that has not voted to accept the Plan.

**You should consult your own attorney if a cram down confirmation will affect your claim or equity interest, as the variations on this general rule are numerous and complex.**

### C. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a Chapter 7 liquidation. A liquidation analysis is attached to this Disclosure Statement as **Exhibit F**. It shows that upon a liquidation of the Debtor in the Bankruptcy Court or otherwise, there would be no additional funds for distribution to the General Creditors.

### D. Feasibility

The Court must find that confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization is proposed in the Plan.

1. *Ability to Initially Fund the Plan*

The Plan Proponent believes that the Debtor will have enough cash on hand on the effective date of the Plan to pay all the claims and expenses that are entitled to be paid on that date.

2. *Ability to Make Future Plan Payments And Operate Without Further Reorganization*

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments.

The Plan Proponent has provided projected financial information. Those projections are listed in **Exhibit E**.

17

The Plan Proponent's financial projections show that the Debtor will have an aggregate annual average cash flow, after paying operating expenses and post-confirmation taxes, that will be enough to cover proposed payments under the Plan.

**You Should Consult with Your Accountant or other Financial Advisor if you Have Any Questions Pertaining to These Projections.**

## ARTICLE V

## EFFECT OF CONFIRMATION OF PLAN

### A. DISCHARGE OF DEBTOR

**Debtor is an individual and § 1141 (d)(3) is not applicable**

<u>Discharge.</u> Confirmation of the Plan does not discharge any debt provided for in the Plan until the court grants a discharge on completion of all payments under the Plan, or as otherwise provided in § 1141 (d)(5) of the Code. Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007 (c) of the Federal Rules of Bankruptcy Procedure.

**If the reorganized Debtor substantially defaults on the plan payments due to the IRS, the outstanding balance is immediately due and payable. Payment shall be for the entire amount owed to the IRS under the plan. The IRS may collect these unpaid tax liabilities through the administrative collection provisions of the Internal Revenue Code**

### B. Modification of Plan

The Plan Proponent may modify the Plan at any time before confirmation of the Plan.  However, the Court may require a new disclosure statement and/or re voting on the Plan.

Upon request of the Debtor, the Unites States trustee, or the holder of an allowed unsecured claim, the Plan may be modified at any time after confirmation of the Plan but before the completion of payments under the Plan, to (1) increase or reduce the amount of payments under the Plan claims of a particular class, (2) extend or reduce the time period for such payments, or (3) alter the amount of distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take account of any payment of the claim made other than under the Plan.

### C. Final Decree

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case. Alternatively, the Court may enter such a final decree on its own motion.

## *ARTICLE VI*
## OTHER PLAN PROVISIONS

None.


/s/ LAURA I. GALINDEZ MATOS

/S/ EMILY DARICE DAVILA RIVERA, ESQ.
USDC-PR #214503
420 PONCE DE LEON
MIDTOWN # 311
SAN JUAN, PR 00918
davilalawe@prtc.net
davilalaww@prtc.net
 Tel. 787-759-8090, fax 787-759-9620

6/28/17 3:58PM

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **LAURA IVETTE GALINDEZ MATOS** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:   DISTRICT OF PUERTO RICO

Case number   **17-01578-ESL**
(if known)

☐ Check if this is an
amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases                12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. **Do you have any executory contracts or unexpired leases?**
   ■ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.
   ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Property* (Official Form 106 A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|
| 2.1 | |
| Name | |
| Number    Street | |
| City              State         ZIP Code | |
| 2.2 | |
| Name | |
| Number    Street | |
| City              State         ZIP Code | |
| 2.3 | |
| Name | |
| Number    Street | |
| City              State         ZIP Code | |
| 2.4 | |
| Name | |
| Number    Street | |
| City              State         ZIP Code | |
| 2.5 | |
| Name | |
| Number    Street | |
| City              State         ZIP Code | |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

**EXHIBIT B**

# DRA. LAURA I. GALINDEZ MATOS
## SUMMARY OF ESTATE'S ASSETS

### *ASSETS*

| | | |
|---|---:|---:|
| CASH | | $ 320 |
| ACCOUNTS RECEIVABLE FROM HEALTH INSURANCE PLANS | | 52,956 |
| OFFICE EQUIPMENT | | 4,520 |
| MEDICAL EQUIPMENT | | 12,500 |
| INTEREST IN BUSINESS | | 100 |
| MOTOR VEHICLES | | |
|     2015 MERCEDES BENZ S550V | 67,550 | |
|     2016 MERCEDES BENZ M1PV 126 | 32,125 | 99,675 |
| HOUSEHOLD GOODS & FURNISHINGS | | 6,000 |
| CLOTHING | | 1,000 |
| JEWELRY | | 3,000 |
| SECURITY DEPOSITS AND PREPAYMENTS | | 450 |
| TOTAL ASSETS | | $ 180,521 |

**EXHIBIT C**

# DRA. LAURA I. GALINDEZ MATOS
## STATEMENT OF FINANCIAL CONDITION AT MARCH 7, 2017

### *ASSETS*

| | | |
|---|---:|---:|
| CASH | | $ 320 |
| ACCOUNTS RECEIVABLE FROM HEALTH INSURANCE PLANS | | 52,956 |
| OFFICE EQUIPMENT | | 4,520 |
| MEDICAL EQUIPMENT | | 12,500 |
| INTEREST IN BUSINESS | | 100 |
| MOTOR VEHICLES | | |
|     2015 MERCEDES BENZ S550V | 67,550 | |
|     2016 MERCEDES BENZ M1PV 126 | 32,125 | 99,675 |
| HOUSEHOLD GOODS & FURNISHINGS | | 6,000 |
| CLOTHING | | 1,000 |
| JEWELRY | | 3,000 |
| SECURITY DEPOSITS AND PREPAYMENTS | | 450 |
| TOTAL ASSETS | | $ 180,521 |

### *LIABILITIES AND CAPITAL DEFICIENCY*

| | |
|---|---:|
| ACCOUNTS PAYABLE | 72,111 |
| AUTO LOANS | 159,571 |
| INCOME AND PAYROLL TAXES PAYABLE | 697,189 |
| PROPERTY TAX PAYABLE | 19,329 |
| MUNICIPAL LICENSE TAX PAYABLE | 8,750 |
| WORKMEN COMPENSATION | 641 |
| TOTAL LIABILITIES | 957,591 |
| STOCKHOLDER'S DEFICIENCY | (777,070) |
| TOTAL LIABILITIES AND CAPITAL DEFICIENCY | $ 180,521 |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

| IN RE:<br>DR. LAURA IVETTE GALINDEZ MATOS | | CASE NUMBER: 17-01578 |
|---|---|---|
| DEBTOR. | | CHAPTER 11 |

### DEBTOR'S MONTHLY OPERATING REPORT
### (INDIVIDUAL) FOR THE PERIOD

FROM __07/01/2017__ TO __07/31/2017__

Comes now the above-named debtor and files its Monthly Operating Report in accordance with the Guidelines established by the United States Trustee and FRBP 2015.

Dated: __08/30/17__

__EMILY D DAVILA, ESQ.__
Attorney for Debtor

Debtor's Address and Phone Number:

2000 CARR 8177

PMB 353 SUITE 26

GUAYNABO, PR 00966

TEL. 787- 638 - 4816

Attorney's Address and Phone Number:

420 PONCE DE LEON

MIDTOWN 3311

SAN JUAN, PR 00918

TEL. 787- 759-8090

davilalawe@prtc.net

USDC-PR #214503

Note:

The original Monthly Operating Report is to be filed with the court and a copy simultaneously provided to the United States Trustee. Monthly Operating Reports must be filed by the 20th day of the following month. For assistance in preparing the Monthly Operating Report, refer to the following resources on the United States Trustee Program website, http://www.usdoj.gov/ust/r21/reg_info.htm.

1) Instructions for Preparation Debtor's Chapter 11 Monthly Operating Report
2) Initial Filing Requirements
3) Frequently Asked Questions (FAQs)

## SUMMARY OF CASH RECEIPTS AND CASH DISBURSEMENTS

| Case Name: | LAURA IVETTE GALINDEZ MATOS |
|---|---|
| Case Number: | 17-01578 |

Note: The information requested below is a summary of the information reported the various Schedules and Attachments contained within this repo...

| | Month | Cumulative Total |
|---|---|---|
| | IUL | |
| CASH- Beginning of Month (Household) | | |
| CASH- Beginning of Month (Business) | 5,873.85 | |
| | | |
| Total Household Receipts | 3,000.00 | 18,000.00 |
| Total Business Receipts | 38,169.50 | 172,335.03 |
| Total Receipts | 41,169.50 | 190,335.03 |
| | | |
| Total Household Disbursements | 22,353.24 | 46,205.72 |
| Total Business Disbursements | 23,192.52 | 145,474.40 |
| Total Disbursements | 45,545.76 | 191,680.12 |
| | | |
| NET CASH FLOW (Total Receipts minus Total Disbursements) | -4,376.26 | -1,345.09 |
| | | |
| CASH- End of month (Individual) | | |
| CASH- End of month (Business) | 1,497.59 | |

### CALCULATION OF DISBURSEMENTS FOR UNITED STATE TRUSTEE QUARTERLY FEES

| TOTAL DISBURSEMENTS (From Above) | | |
|---|---|---|
| Less: Any Amounts Transferred or Paid from the Business Account to the Household Account (i.e., Salary Paid to Debtor or Owner's Draw) | | |
| | | |
| DISBURSEMENTS FOR U.S. TRUSTEE FEE CALCULATION | | |

I declare under penalty of perjury that this statement and the accompanying documents and report are true and correct to the best of my knowledge and belief

Debtor's Signature

This __30__ day of ___AGO___ 20_17_

Monthly Operating Report - Individual

## SCHEDULE OF BUSINESS
## CASH RECEIPTS AND CASH DISBURSEMENTS

| | Month Jul-17 | Cumulative Total |
|---|---|---|
| CASH - Beginning of Month | $ 5,873.85 | |
| | | |
| **CASH RECEIPTS** | | |
| Cash Sales | 38,169.50 | 172,335.03 |
| Account Receivable Collection | | |
| Loans/Borrowing from Outside Sources (attach list to this report) | | |
| Rental Income | | |
| Sale of Business Assets (attach list to this report) | | |
| Other (specify)(attach list to this report)(ASUME) | 3,000.00 | 18,000.00 |
| | | |
| **TOTAL RECEIPTS** | 41,169.50 | 190,335.03 |
| | | |
| **CASH DISBURSEMENTS** | | |
| US TRUSTEE | 375.00 | 325.00 |
| Net Payroll (excluding Self) | 4,124.65 | 16,593.15 |
| Salary Paid to Debtor or Owner's Draw (e.g., transfer to Household Account) | 22,353.24 | 46,205.72 |
| Taxes - Payroll | | 0.00 |
| Taxes - Sales | | |
| Taxes - Other (attach schedule) | 3,055.88 | 7,967.86 |
| Contract Labor (Subcontractors) | 5,115.60 | 44,386.29 |
| Inventory Purchases | | 836.97 |
| Secured/Lease Payments (business) | | |
| Utilities (Business) | 1,294.56 | 14,615.12 |
| Insurance | 1,265.32 | 3,039.87 |
| Vehicle Expenses | 3,361.98 | 30,346.50 |
| Travel & Entertaiment | | |
| Repairs and Maintenance | 140.00 | 2,676.36 |
| Supplies | 4,163.40 | 20,107.15 |
| Charitable Contributions/Gifts | | |
| Purchase of Fixed Assets | | |
| Advertising | | 457.15 |
| Bank Charges | 346.13 | 1,637.23 |
| Subcriptions | | 2,485.75 |
| Other (attach schedule) | | |
| | | |
| **Total Business Disbursements** | 45,545.76 | 191,680.12 |
| | | |
| **CASH - End of Month** (Must equal reconciled bank statement - Attachment No.2) | $ 1,497.59 | |

MONTHLY OPERATING REPORT –
INDIVIDUAL

ATTACHMENT NO. 1

| | QUESTIONNAIRE | YES* | NO |
|---|---|---|---|
| 1 | Have any assets been sold or transferred outside the normal course of business during this reporting period? | X | |
| 2 | Have any funds been disbursed from any account other than a debtor in possession account? | X | |
| 3 | Are any post-petition receivables (accounts, notes, or loans) due from any relatives, insiders, or related party? | | X |
| 4 | Have any payments been made on pre-petition liabilities this reporting period? | | X |
| 5 | Have any post petition loans been received by the debtor from any party? | | X |
| 6 | Are any post petition payroll taxes past due? | X | |
| 7 | Are any post petition state or federal income taxes past due? | | X |
| 8 | Are any post petition state or local sales taxes past due? | | X |
| 9 | Are any post petition real estate taxes past due? | | X |
| 10 | Are any amounts owed to post petition creditors/vendors delinquent? | | X |
| 11 | Are any wages payments past due? | | X |

*If the answer to any of the above questions is 'YES', provide a detailed explanation of each item on a separate sheet.

| | INSURANCE INFORMATION | YES* | NO |
|---|---|---|---|
| 1 | Are real and personal property, vehicle/auto, general liability, fire, theft, worker's compensation, and other necessary insurance coverages in effect? | X | |
| 2 | Are all premium payments current? | X | |

*If the answer to any of the above questions is 'NO', provide a detailed explanation of each item on a separate sheet.

| CONFIRMATION OF INSURANCE | | | | |
|---|---|---|---|---|
| TYPE of POLICY and CARRIER | | Period of Coverage | Payment Amount and Frequency | Delinquency Amount |
| CAN | UNIVERSAL INSURANCE | 4/11/17 - 4/11/18 | $329.50/2 MONTHS | N/A |
| CAR | UNIVERSAL INSURANCE | 4/11/17 - 4/11/18 | $473.65/3 MONTHS | N/A |
| PROFESSIONAL LIABILITY | SIMED | 7/09/17 - 7/09/18 | $331.90/MONTHLY | N/A |
| COMPANY AFFORDING COVE | MAPFRE | 3/30/17 - 3/30/18 | $250.00/YR | N/A |

___X___   Check here if United States Trustee has been listed a Certificate Holder on all policies of insurance.

YES

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

IN RE:                                              }    CASE NUMBER: 17-01578
DR. LAURA IVETTE GALINDEZ MATOS        }
                                                    }

                                                    }
DEBTOR.                                             }    CHAPTER 11

---

### DEBTOR'S MONTHLY OPERATING REPORT
### (INDIVIDUAL) FOR THE PERIOD

FROM    06/01/2017    TO    06/30/2017

Comes now the above-named debtor and files its Monthly Operating Report in accordance with the Guidelines established by the United States Trustee and FRBP 2015.

Dated: 07/27/17

EMILY D DAVILA, ESQ.
Attorney for Debtor

Debtor's Address and Phone Number:

3000 CARR 8177

PMB 353 SUITE 26

GUAYNABO, PR 00966

TEL. 787- 638 - 4816


Attorney's Address and Phone Number:

420 PONCE DE LEON

MIDTOWN 3311

SAN JUAN, PR 00918

TEL. 787- 250-8000

davilalawe@prtc.net

USDC-PR #214503

Note:

The original Monthly Operating Report is to be filed with the court and a copy simultaneously provided to the United States Trustee. Monthly Operating Reports must be filed by the 20th day of the following month. For assistance in preparing the Monthly Operating Report, refer to the following resources on the United States Trustee Program website. http://www.usdoj.gov/ust/r21/reg_info.htm.

    1)Instructions for Preparation Debtor's Chapter 11 Monthly Operating Report
    2)Initial Filing Requirements
    3)Frequently Asked Questions (FAQs)

## SUMMARY OF CASH RECEIPTS AND CASH DISBURSEMENTS

| Case Name: | LAURA IVETTE GALINDEZ MATOS |
|---|---|
| Case Number: | 17-01578 |

Note: The information requested below is a summary of the information reported the various Schedules and Attachments contained within this report.

| | Month | Cumulative Total |
|---|---|---|
| | JUN | |
| CASH- Beginning of Month (Household) | | |
| CASH- Beginning of Month (Business) | 13,917.12 | |
| | | |
| Total Household Receipts | 3,700.00 | 15,000.00 |
| Total Business Receipts | 43,285.88 | 134,165.53 |
| Total Receipts | 46,985.88 | 149,165.53 |
| | | |
| Total Household Disbursements | 1,796.72 | 23,852.48 |
| Total Business Disbursements | 53,227.43 | 122,281.88 |
| Total Disbursements | 55,024.15 | 146,134.36 |
| | | |
| NET CASH FLOW (Total Receipts minus Total Disbursements) | -8,038.27 | 3,031.17 |
| | | |
| CASH- End of month (Individual) | | |
| CASH- End of month (Business) | 5,873.85 | |

### CALCULATION OF DISBURSEMENTS FOR UNITED STATE TRUSTEE QUARTERLY FEES

| TOTAL DISBURSEMENTS (From Above) | | |
|---|---|---|
| Less: Any Amounts Transferred or Paid from the Business Account to the Household Account (i.e., Salary Paid to Debtor or Owner's Draw) | | |
| DISBURSEMENTS FOR U.S. TRUSTEE FEE CALCULATION | | |

I declare under penalty of perjury that this statement and the accompanying documents and reports are true and correct to the best of my knowledge and belief

This __27__ day of ____JUN____ 20 _17_

Debtor's Signature /S/DRA LAURA GALINDEZ

Monthly Operating Report - Individual

## SCHEDULE OF BUSINESS
## CASH RECEIPTS AND CASH DISBURSEMENTS

| | Month Jun-17 | Cumulative Total |
|---|---|---|
| CASH - Beginning of Month | $ 13,912.12 | |
| **CASH RECEIPTS** | | |
| Cash Sales | | |
| Account Receivable Collection | 43,285.88 | 134,165.53 |
| Loans/Borrowing from Outside Sources (attach list to this report) | | |
| Rental Income | | |
| Sale of Business Assets (attach list to this report) | | |
| Other (specify)(attach list to this report)(ASUME) | 3,700.00 | 15,000.00 |
| **TOTAL RECEIPTS** | 46,985.88 | 149,165.53 |
| **CASH DISBURSEMENTS** | | |
| US TRUSTEE | | |
| Net Payroll (excluding Self) | 9,522.31 | 12,468.50 |
| Salary Paid to Debtor or Owner's Draw (e.g., transfer to Household Account) | | |
| Taxes - Payroll | 1,796.72 | 23,852.48 |
| Taxes - Sales | | 0.00 |
| Taxes - Other (attach schedule) | 128.23 | 4,911.98 |
| Contract Labor (Subcontractors) | 9,512.86 | 39,270.69 |
| Inventory Purchases | | 836.97 |
| Secured/Lease Payments (business) | | |
| Utilities (Business) | 5,750.59 | 13,320.56 |
| Insurance | 406.00 | 1,774.55 |
| Vehicle Expenses | 26,682.34 | 26,984.52 |
| Travel & Entertainment | | |
| Repairs and Maintenance | | 2,536.36 |
| Supplies | 3,251.60 | 15,943.75 |
| Charitable Contributions/Gifts | | |
| Purchase of Fixed Assets | | |
| Advertising | | |
| Bank Charges | | 457.15 |
| Subcriptions | 421.95 | 1,291.10 |
| Other (attach schedule) | 1551.55 | 2,485.75 |
| **Total Business Disbursements** | 55,024.15 | 146,134.36 |
| CASH - End of Month (Must equal reconciled bank statement Attachment No.2) | $ 5,873.85 | |

Monthly Operating Report – Individual

MONTHLY OPERATING REPORT —
INDIVIDUAL

ATTACHMENT NO. 1

| QUESTIONNAIRE | YES* | NO |
|---|---|---|
| 1 | Have any assets been sold or transferred outside the normal course of business during this reporting period? | X | |
| 2 | Have any funds been disbursed from any account other than a debtor in possession account? | X | |
| 3 | Are any post-petition receivables (accounts, notes, or loans) due from any relatives, insiders, or related party? | | |
| 4 | Have any payments been made on pre-petition liabilities this reporting period? | | X |
| 5 | Have any post-petition loans been received by the debtor from any party? | | X |
| 6 | Are any post-petition payroll taxes past due? | | X |
| 7 | Are any post-petition state or federal income taxes past due? | X | |
| 8 | Are any post-petition state or local sales taxes past due? | | X |
| 9 | Are any post-petition real estate taxes past due? | | X |
| 10 | Are any amounts owed to post-petition creditors/vendors delinquent? | | X |
| 11 | Are any wages payments past due? | | X |

*If the answer to any of the above questions is "YES", provide a detailed explanation of each item on a separate sheet.

| INSURANCE INFORMATION | YES* | NO |
|---|---|---|
| 1 | Are real and personal property, vehicle/auto, general liability, fire, theft, worker's compensation, and other necessary insurance coverages in effect? | X | |
| 2 | Are all premium payments current? | X | |

*If the answer to any of the above questions is "NO", provide a detailed explanation of each item on a separate sheet.

| CONFIRMATION OF INSURANCE | | | | |
|---|---|---|---|---|
| TYPE of POLICY and CARRIER | | Period of Coverage | Payment Amount and Frequency | Delinquency Amount |
| CAR | UNIVERSAL INSURANCE | 4/11/17 - 4/11/18 | $329.50/2 MONTHS | N/A |
| CAR | UNIVERSAL INSURANCE | 4/11/17 - 4/11/18 | $973.00/3 MONTHS | N/A |
| PROFESSIONAL LIABILITY | SIMED | 7/09/16 - 7/09/17 | $331.80/MONTHLY | N/A |
| COMPANY AFFORDING COVE | MAPFRE | 3/30/17 - 3/30/18 | $250.00/YR | N/A |

X    Check here if United States Trustee has been listed a Certificate Holder on all policies of insurance.

YES

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

IN RE:                                              }    **CASE NUMBER: 17-01578**
**DR. LAURA IVETTE GALINDEZ MATOS**    }
                                                   }

                                                   }
**DEBTOR.**                                        }    **CHAPTER 11**

## DEBTOR'S MONTHLY OPERATING REPORT
### (INDIVIDUAL) FOR THE PERIOD

**FROM**    <u>05/01/2017</u>    **TO**    <u>05/31/2017</u>

Comes now the above-named debtor and files its Monthly Operating Report in accordance with the Guidelines established by the United States Trustee and FRBP 2015.

Dated: <u>06/28/17</u>

<u>EMILY D DAVILA, ESQ.</u>
Attorney for Debtor

Debtor's Address and Phone
Number:

2000 CARR 8177

PMB 353 SUITE 26

GUAYNABO, PR 00966

TEL. 787- 638 - 4816

Attorney's Address and
Phone Number:

420 PONCE DE LEON

MIDTOWN 3311

SAN JUAN, PR 00918

TEL. 787- 759-8090

davilalawe@prtc.net

USDC-PR #214503

Note:

The original Monthly Operating Report is to be filed with the court and a copy simultaneously provided to the United States Trustee. Monthly Operating Reports must be filed by the 20th day of the following month. For assistance in preparing the Monthly Operating Report, refer to the following resources on the United States Trustee Program website, http://www.usdoj.gov/ust/r21/reg info.htm.

    1)Instructions for Preparation Debtor's Chapter 11 Monthly Operating Report
    2)Initial Filing Requirements
    3)Frequently Asked Questions (FAQs)

## SUMMARY OF CASH RECEIPTS AND CASH DISBURSEMENTS

| Case Name: | LAURA IVETTE GALINDEZ MATOS |
|---|---|
| Case Number: | 17-01578 |

Note: The information requested below is a summary of the information reported the various Schedules and Attachments contained within this repo.

|  | Month | Cumulative Total |
|---|---|---|
|  | MAY |  |
| CASH- Beginning of Month (Household) |  |  |
| CASH- Beginning of Month (Business) | 3,662.86 |  |
|  |  |  |
| Total Household Receipts | 2,300.00 | 11,300.00 |
| Total Business Receipts | 35,605.74 | 90,879.65 |
| Total Receipts | 37,905.74 | 102,179.65 |
|  |  |  |
| Total Household Disbursements | 5,207.08 | 22,055.76 |
| Total Business Disbursements | 22,449.40 | 69,054.45 |
| Total Disbursements | 27,656.48 | 91,110.21 |
|  |  |  |
| NET CASH FLOW (Total Receipts minus Total Disbursements) | 10,249.26 | 11,069.44 |
|  |  |  |
| CASH- End of month (Individual) |  |  |
| CASH- End of month (Business) | 13,912.12 |  |

## CALCULATION OF DISBURSEMENTS FOR UNITED STATE TRUSTEE QUARTERLY FEES

| TOTAL DISBURSEMENTS (From Above) |  |  |
|---|---|---|
| Less: Any Amounts Transferred or Paid from the Business Account to the Household Account (i.e., Salary Paid to Debtor or Owner's Draw) |  |  |
|  |  |  |
| DISBURSEMENTS FOR U.S. TRUSTEE FEE CALCULATION |  |  |

I declare under penalty of perjury that this statement and the accompanying documents and report are true and correct to the best of

my knowledge and belief

This __28__ day of ___JUN___ 20_17__

Debtor's Signature /S/ DRA LAURA GALINDEZ

Monthly Operating Report - Individual

## SCHEDULE OF BUSINESS
## CASH RECEIPTS AND CASH DISBURSEMENTS

| | Month May-17 | Cumulative Total |
|---|---|---|
| **CASH** – Beginning of Month | $    3,662.86 | |
| | | |
| **CASH RECEIPTS** | | |
| Cash Sales | 35,605.74 | 90,879.65 |
| Account Receivable Collection | | |
| Loans/Borrowing from Outside Sources (attach list to this report) | | |
| Rental Income | | |
| Sale of Business Assets (attach list to this report) | | |
| Other (specify)(attach list to this report)**(ASUME)** | 2,300.00 | 11,300.00 |
| | | |
| **TOTAL RECEIPTS** | 37,905.74 | 102,179.65 |
| | | |
| **CASH DISBURSEMENTS** | | |
| US TRUSTEE | | |
| Net Payroll (excluding Self) | 3,160.88 | 6,946.19 |
| Salary Paid to Debtor or Owner's Draw (e.g., transfer to Household Account) | 5,207.08 | 22,055.76 |
| Taxes - Payroll | | 0.00 |
| Taxes - Sales | | |
| Taxes - Other (attach schedule) | 684.78 | 4,783.75 |
| Contract Labor (Subcontractors) | 8,427.82 | 29,757.83 |
| Inventory Purchases | | 836.97 |
| Secured/Lease Payments (business) | | |
| Utilities (Business) | 1,114.03 | 7,569.97 |
| Insurance | 76.50 | 1,368.55 |
| Vehicle Expenses | 125.00 | 302.18 |
| Travel & Entertainment | | |
| Repairs and Maintenance | 1,152.12 | 2,536.36 |
| Supplies | 6,423.42 | 12,692.15 |
| Charitable Contributions/Gifts | | |
| Purchase of Fixed Assets | | |
| Advertising | | 457.15 |
| Bank Charges | 350.65 | 869.15 |
| Subcriptions | 934.20 | 934.20 |
| Other (attach schedule) | | |
| | | |
| **Total Business Disbursements** | 27,656.48 | 91,110.21 |
| | | |
| **CASH - End of Month** (Must equal reconciled bank statement- Attachment No.2) | $   13,912.12 | |

Monthly Operating Report - Individual

**MONTHLY OPERATING REPORT -**
**INDIVIDUAL**

ATTACHMENT NO. 1

| QUESTIONNAIRE | | |
|---|---|---|
| | YES* | NO |
| 1 Have any assets been sold or transferred outside the normal course of business during this reporting period? | X | |
| 2 Have any funds been disbursed from any account other than a debtor in possession account? | X | |
| 3 Are any post-petition receivables (accounts, notes, or loans) due from any relatives, insiders, or related party? | | X |
| 4 Have any payments been made on pre-petition liabilities this reporting period? | | X |
| 5 Have any post-petition loans been received by the debtor from any party? | | X |
| 6 Are any post-petition payroll taxes past due? | X | |
| 7 Are any post-petition state or federal income taxes past due? | | X |
| 8 Are any post-petition state or local sales taxes past due? | | X |
| 9 Are any post-petition real estate taxes past due? | | X |
| 10 Are any amounts owed to post-petition creditors/vendors delinquent? | | X |
| 11 Are any wages payments past due? | | X |

*If the answer to any of the above questions in "YES", provide a detailed explanation of each item on a separate sheet.

| INSURANCE INFORMATION | | |
|---|---|---|
| | YES* | NO |
| 1 Are real and personal property, vehicle/auto, general liability, fire, theft, worker's compensation, and other necessary insurance coverages in effect? | X | |
| 2 Are all premium payments current? | X | |

*If the answer to any of the above questions in "NO", provide a detailed explanation of each item on a separate sheet.

| CONFIRMATION OF INSURANCE | | | | |
|---|---|---|---|---|
| TYPE of POLICY and CARRIER | | Period of Coverage | Payment Amount and Frequency | Delinquency Amount |
| CAR | UNIVERSAL INSURANCE | 4/11/17 - 4/11/18 | $329.50/2 MONTHS | N/A |
| CAR | UNIVERSAL INSURANCE | 4/11/17 - 4/11/18 | $973.60/3 MONTHS | N/A |
| PROFESSIONAL LIABILITY | SIMED | 7/09/16 - 7/09/17 | $331.90/MONTHLY | N/A |
| COMPANY AFFORDING COVE | MAPFRE | 3/30/17 - 3/30/18 | $250.00/YR | N/A |
| | | | | |

X    Check here if United States Trustee has been listed a Certificate Holder on all policies of insurance.

YES

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | } | CASE NUMBER: 17-01578 |
| DR. LAURA IVETTE GALINDEZ MATOS | } | |
| | } | |
| | } | |
| DEBTOR. | } | CHAPTER 11 |

### DEBTOR'S MONTHLY OPERATING REPORT
### (INDIVIDUAL) FOR THE PERIOD
**FROM** ___04/01/2017___ **TO** ___04/30/2017___

Comes now the above-named debtor and files its Monthly Operating Report in accordance with the Guidelines established by the United States Trustee and FRBP 2015.

Dated: __06/08/17__          /S/     EMILY D DAVILA, ESQ.
                                           Attorney for Debtor

Debtor's Address and Phone
Number:

2000 CARR 8177

PMB 353 SUITE 26

GUAYNABO, PR 00966

TEL. 787- 638 - 4816

Attorney's Address and
Phone Number:

420 PONCE DE LEON

MIDTOWN 3311

SAN JUAN, PR 00918

TEL. 787- 759-8090

davilalawe@prtc.net

USDC-PR #214503

Note:

The original Monthly Operating Report is to be filed with the court and a copy simultaneously provided to the United States Trustee. Monthly Operating Reports must be filed by the 20th day of the following month. For assistance in preparing the Monthly Operating Report, refer to the followng resources on the United States Trustee Program website, http://www.usdoj.gov/ust/r21/reg info.htm.

   1)Instructions for Preparation Debtor's Chapter 11 Monthly Operating Report
   2)Initial Filing Requirements
   3)Frequently Asked Questions (FAQs)

## SUMMARY OF CASH RECEIPTS AND CASH DISBURSEMENTS

| Case Name: | LAURA IVETTE GALINDEZ MATOS |
|---|---|
| Case Number: | 17-01578 |

Note: The information requested below is a summary of the information reported the various Scheludes and Attachments contained within this repo.

| | Month | Cumulative Total |
|---|---|---|
| | APRIL | |
| **CASH- Beginning of Month (Household)** | | |
| **CASH- Beginning of Month (Business)** | 6,134.94 | |
| | | |
| **Total Household Receipts** | 3,000.00 | 9,000.00 |
| **Total Business Receipts** | 22,226.06 | 55,273.91 |
| **Total Receipts** | 25,226.06 | 64,273.91 |
| | | |
| **Total Household Disbursements** | 8,036.41 | 16,848.68 |
| **Total Business Disbursements** | 19,661.73 | 46,605.05 |
| **Total Disbursements** | 27,698.14 | 63,453.73 |
| | | |
| NET CASH FLOW (Total Receipts minus Total Disbursements) | -2,472.08 | 820.18 |
| | | |
| **CASH- End of month (Individual)** | | |
| **CASH- End of month (Business)** | 3,662.86 | |

## CALCULATION OF DISBURSEMENTS FOR UNITED STATE TRUSTEE QUARTERLY FEES

| **TOTAL DISBURSEMENTS (From Above)** | | |
|---|---|---|
| Less: Any Amounts Transferred or Paid from the Business Account to the Household Account (i.e., Salary Paid to Debtor or Owner's Draw) | | |
| | | |
| **DISBURSEMENTS FOR U.S. TRUSTEE FEE CALCULATION** | | |

I declare under penalty of perjury that this statement and the accompanying documents and report are true and correct to the best of

my knowledge and belief

Debtor's Signature  /S/DRA GALINDEZ MATOS

This __08__ day of __JUN__ 20 _17_

Monthly Operating Report – Individual

## SCHEDULE OF BUSINESS
## CASH RECEIPTS AND CASH DISBURSEMENTS

| | Month<br>Apr-17 | Cumulative<br>Total |
|---|---|---|
| **CASH** - Beginning of Month | $   6,134.94 | |
| | | |
| **CASH RECEIPTS** | | |
| Cash Sales | 22,226.06 | 55,273.91 |
| Account Receivable Collection | | |
| Loans/Borrowing from Outside Sources (attach list to this report) | | |
| Rental Income | | |
| Sale of Business Assets (attach list to this report) | | |
| Other (specify)(attach list to this report)**(ASUME)** | 3,000.00 | 9,000.00 |
| | | |
| **TOTAL RECEIPTS** | 25,226.06 | 64,273.91 |
| | | |
| **CASH DISBURSEMENTS** | | |
| US TRUSTEE | | |
| Net Payroll (excluding Self) | 2,523.54 | 3,785.31 |
| Salary Paid to Debtor or Owner's Draw (e.g., transfer to Household Account) | 8,036.41 | 16,848.68 |
| Taxes - Payroll | | |
| Taxes - Sales | | |
| Taxes - Other (attach schedule) | 2301.98 | 4,098.97 |
| Contract Labor (Subcontractors) | 7968.27 | 21,330.01 |
| Inventory Purchases | | 836.97 |
| Secured/Lease Payments (business) | | |
| Utilities (Business) | 4,300.87 | 6,455.94 |
| Insurance | 1,215.55 | 1,292.05 |
| Vehicle Expenses | 87.18 | 177.18 |
| Travel & Entertaiment | | |
| Repairs and Maintenance | 172.12 | 1,384.24 |
| Supplies | 942.20 | 6,268.73 |
| Charitable Contributions/Gifts | | 0.00 |
| Purchase of Fixed Assets | | |
| Advertising | | 457.15 |
| Bank Charges | 150.02 | 518.50 |
| Subcriptions | | 0.00 |
| Other (attach schedule) | | |
| | | |
| **Total Business Disbursements** | 27,698.14 | 63,453.73 |
| | | |
| **CASH - End of Month** (Must equal reconciled bank statement-Attachment No.2) | $   3,662.86 | |

Monthly Operating Report - Individual

**MONTHLY OPERATING REPORT -**
**INDIVIDUAL**

ATTACHMENT NO. 1

| QUESTIONNAIRE | | |
|---|---|---|
| | YES* | NO |
| 1 Have any assets been sold or transferred outside the normal course of business during this reporting period? | X | |
| 2 Have any funds been disbursed from any account other than a debtor in possession account? | X | |
| 3 Are any post-petition receivables (accounts, notes, or loans) due from any relatives, insiders, or related party? | | X |
| 4 Have any payments been made on pre-petition liabilities this reporting period? | | X |
| 5 Have any post-petition loans been received by the debtor from any party? | | X |
| 6 Are any post-petition payroll taxes past due? | X | |
| 7 Are any post-petition state or federal income taxes past due? | | X |
| 8 Are any post-petition state or local sales taxes past due? | | X |
| 9 Are any post-petition real estate taxes past due? | | X |
| 10 Are any amounts owed to post-petition creditors/vendors delinquent? | | X |
| 11 Are any wages payments past due? | | X |

*If the answer to any of the above questions in "YES", provide a detailed explanation of each item on a separate sheet.

| INSURANCE INFORMATION | | |
|---|---|---|
| | YES* | NO |
| 1 Are real and personal property, vehicle/auto, general liability, fire, theft, worker's compensation, and other necessary insurance coverages in effect? | X | |
| 2 Are all premium payments current? | X | |

*If the answer to any of the above questions in "NO", provide a detailed explanation of each item on a separate sheet.

| CONFIRMATION OF INSURANCE | | | | |
|---|---|---|---|---|
| TYPE of POLICY and CARRIER | | Period of Coverage | Payment Amount and Frequency | Delinquency Amount |
| CAR | UNIVERSAL INSURANCE | 4/11/17 - 4/11/18 | $329.50/2 MONTHS | N/A |
| CAR | UNIVERSAL INSURANCE | 4/11/17 - 4/11/18 | $973.50/3 MONTHS | N/A |
| PROFESSIONAL LIABILITY | SIMED | 7/09/16 - 7/09/17 | $331.90/MONTHLY | N/A |
| COMPANY AFFORDING COVE | MAPFRE | 3/30/17 - 3/30/18 | $250.00/YR | N/A |
| | | | | |

X  Check here if United States Trustee has been listed a Certificate Holder on all policies of insurance.

YES

*LAURA I. CANDELAS MATOS  17-01578 ESL*
*Five years cash flow projections*

| | Effective Date | 1 month | 2 month | 3 month | 4 month | 5 month | 6 month | 7 month | 8 month | 9 month | 10 month | 11 month | 12 month | 1 Year | 2 Year | 3 Year | 4 Year | 5 Year |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Beginning Cash Balance** | $ 3,000.00 | $ 3,000.00 | $ 4,010.91 | $ 907.07 | $ 435.18 | $ 1,446.10 | $ 1,657.01 | $ (1,606.83) | $ (1,693.41) | $ (3,853.01) | $ (3,440.54) | $ (956.47) | $ (2,412.62) | $ 3,000.00 | $ 37.31 | $ (2,611.38) | $ (3,759.82) | $ (5,818.57) |
| **Cash Receipts:** | | | | | | | | | | | | | | | | | | |
| Acct receivable collections - Medical Office | | 36,281.00 | 36,281.00 | 36,281.00 | 36,281.00 | 36,281.00 | 36,281.00 | 36,643.81 | 37,010.25 | 37,380.35 | 37,754.15 | 38,131.70 | 38,513.01 | 443,119.27 | 447,550.46 | 452,025.97 | 452,025.97 | 452,025.97 |
| (amounts collected net of 7% income tax withheld) | | | | | | | | | | | | | | | | | | |
| Acct receivable collections pre-petition | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Alimony | | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 36,000.00 | 36,000.00 | 36,000.00 | 36,000.00 | 36,000.00 |
| **Total Cash Available** | $ 3,000.00 | $ 42,281.00 | $ 43,291.91 | $ 40,188.07 | $ 39,716.18 | $ 40,727.10 | $ 40,938.01 | $ 38,036.98 | $ 38,316.84 | $ 36,527.34 | $ 37,313.61 | $ 40,175.22 | $ 39,100.39 | $ 482,119.27 | $ 483,587.77 | $ 485,414.58 | $ 484,266.14 | $ 482,207.40 |
| | | | | | | | | | | | | | | | | | | |
| **Cash Disbursements:** | | | | | | | | | | | | | | | | | | |
| Contracted Service | 0.00 | 9,344.00 | 9,344.00 | 9,344.00 | 9,344.00 | 9,344.00 | 9,344.00 | 9,344.00 | 9,344.00 | 9,344.00 | 9,344.00 | 9,344.00 | 9,344.00 | 112,128.00 | 112,128.00 | 112,128.00 | 112,128.00 | 114,370.56 |
| Net payroll | 0.00 | 3,493.00 | 3,493.00 | 3,493.00 | 3,493.00 | 3,493.00 | 3,493.00 | 3,493.00 | 3,493.00 | 3,493.00 | 3,493.00 | 3,493.00 | 3,493.00 | 41,916.00 | 41,916.00 | 41,916.00 | 41,916.00 | 42,754.32 |
| Payroll taxes | 0.00 | 972.00 | 972.00 | 972.00 | 972.00 | 972.00 | 972.00 | 972.00 | 972.00 | 972.00 | 972.00 | 972.00 | 972.00 | 11,664.00 | 11,664.00 | 11,664.00 | 11,664.00 | 11,897.28 |
| Purchase of Medical & Office Supplies | 0.00 | 4,233.00 | 4,233.00 | 4,233.00 | 4,233.00 | 4,233.00 | 4,233.00 | 4,233.00 | 4,233.00 | 4,233.00 | 4,233.00 | 4,233.00 | 4,233.00 | 50,796.00 | 51,303.96 | 51,817.00 | 52,335.17 | 53,381.87 |
| Insurance Expense | 0.00 | 595.00 | 595.00 | 595.00 | 595.00 | 595.00 | 595.00 | 595.00 | 595.00 | 595.00 | 595.00 | 595.00 | 595.00 | 7,140.00 | 7,497.00 | 7,871.85 | 7,871.85 | 7,871.85 |
| Light, Water and Telephone Utilities | 0.00 | 1,866.00 | 1,866.00 | 1,866.00 | 1,866.00 | 1,866.00 | 1,866.00 | 1,866.00 | 1,866.00 | 1,866.00 | 1,866.00 | 1,866.00 | 1,866.00 | 22,392.00 | 23,511.60 | 24,687.18 | 24,934.05 | 25,183.39 |
| Auto Expense | 0.00 | 215.00 | 215.00 | 215.00 | 215.00 | 215.00 | 215.00 | 215.00 | 215.00 | 215.00 | 215.00 | 215.00 | 215.00 | 2,579.96 | 2,605.76 | 2,631.82 | 2,658.14 | 2,684.72 |
| Dues & Subscriptions | 0.00 | 523.00 | 523.00 | 523.00 | 523.00 | 523.00 | 523.00 | 523.00 | 523.00 | 523.00 | 523.00 | 523.00 | 523.00 | 6,276.00 | 6,589.80 | 6,919.29 | 6,919.29 | 6,919.29 |
| State Insurance Fund Premium | 0.00 | 0.00 | 215.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 215.00 | 0.00 | 0.00 | 430.00 | 434.30 | 438.64 | 443.03 | 447.46 |
| Bank Charges | 0.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 4,140.00 | 4,347.00 | 4,564.35 | 4,609.99 | 4,656.09 |
| Repairs and maintenance | 0.00 | 563.00 | 563.00 | 563.00 | 563.00 | 563.00 | 563.00 | 563.00 | 563.00 | 563.00 | 563.00 | 563.00 | 563.00 | 6,756.00 | 6,823.56 | 6,891.80 | 6,960.71 | 7,030.32 |
| Promotion and other miscellaneous | 0.00 | 145.00 | 145.00 | 145.00 | 145.00 | 145.00 | 145.00 | 145.00 | 145.00 | 145.00 | 145.00 | 563.00 | 563.00 | 2,576.00 | 2,704.80 | 2,840.04 | 2,840.04 | 2,840.04 |
| Municipal License Tax | 0.00 | 0.00 | 0.00 | 1,107.80 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,107.80 | 0.00 | 0.00 | 0.00 | 2,215.60 | 2,326.38 | 2,442.70 | 2,442.70 | 2,442.70 |
| Personal Property Tax | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,460.30 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,460.30 | 1,474.91 | 1,489.65 | 1,489.65 | 1,489.65 |
| FICA Self Employment Tax | 0.00 | 0.00 | 3,899.76 | 0.00 | 0.00 | 0.00 | 3,899.76 | 0.00 | 3,899.76 | 0.00 | 0.00 | 3,899.76 | 0.00 | 15,599.02 | 15,755.01 | 15,755.01 | 15,755.01 | 16,070.11 |
| Pending Adm Exp- Paid at Effective Date | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Cash Disbursements** | 0.00 | 22,294.00 | 26,408.75 | 23,401.80 | 22,294.00 | 22,294.00 | 26,193.75 | 23,754.30 | 26,193.75 | 23,616.79 | 22,294.00 | 26,611.75 | 22,712.00 | 288,068.88 | 291,082.08 | 294,057.33 | 294,967.64 | 300,039.66 |
| **Cash Available for Reorganization** | $ 3,000.00 | $ 19,987.00 | $ 16,883.16 | $ 16,786.27 | $ 17,422.19 | $ 18,433.10 | $ 14,744.26 | $ 14,282.68 | $ 12,123.08 | $ 12,910.55 | $ 15,019.62 | $ 13,563.47 | $ 16,388.40 | $ 194,050.39 | $ 192,505.70 | $ 191,357.26 | $ 189,298.51 | $ 182,167.74 |
| | | | | | | | | | | | | | | | | | | |
| **Reorganization items** | | | | | | | | | | | | | | | | | | |
| Legal Fees | | | | 375.00 | | 800.00 | | 375.00 | | | 375.00 | | 375.00 | 800.00 | 800.00 | 800.00 | 800.00 | 800.00 |
| US Trustee | | | | | | | | | | | | | | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Priority claims: | | | | | | | | | | | | | | | | | | |
| *IRS* | | 1,707.00 | 1,707.00 | 1,707.00 | 1,707.00 | 1,707.00 | 1,707.00 | 1,707.00 | 1,707.00 | 1,707.00 | 1,707.00 | 1,707.00 | 1,707.00 | 20,484.00 | 20,484.00 | 20,484.00 | 20,484.00 | 6,828.00 |
| *PR Treasury* | | 2,692.50 | 2,692.50 | 2,692.50 | 2,692.50 | 2,692.50 | 2,692.50 | 2,692.50 | 2,692.50 | 2,692.50 | 2,692.50 | 2,692.50 | 2,692.50 | 32,310.00 | 32,310.00 | 32,310.00 | 32,310.00 | 10,770.00 |
| *Municipio de San Juan* | | 124.51 | 124.51 | 124.51 | 124.51 | 124.51 | 124.51 | 124.51 | 124.51 | 124.51 | 124.51 | 124.51 | 124.51 | 1,494.12 | 1,494.12 | 1,494.12 | 1,494.12 | 498.04 |
| *CRIM* | | 49.09 | 49.09 | 49.09 | 49.09 | 49.09 | 49.09 | 49.09 | 49.09 | 49.09 | 49.09 | 49.09 | 49.09 | 589.08 | 589.08 | 589.08 | 589.08 | 196.36 |
| Secured Claims - Class 1 | | 1,880.99 | 1,880.99 | 1,880.99 | 1,880.99 | 1,880.99 | 1,880.99 | 1,880.99 | 1,880.99 | 1,880.99 | 1,880.99 | 1,880.99 | 1,880.99 | 22,571.88 | 22,571.88 | 22,571.88 | 22,571.88 | 22,571.88 |
| General Unsecured Claims - Class 2 | | 322.00 | 322.00 | 322.00 | 322.00 | 322.00 | 322.00 | 322.00 | 322.00 | 322.00 | 322.00 | 322.00 | 322.00 | 3,864.00 | 3,864.00 | 3,864.00 | 3,864.00 | 3,864.00 |
| Personal Living Expenses | | 9,200.00 | 9,200.00 | 9,200.00 | 9,200.00 | 9,200.00 | 9,200.00 | 9,200.00 | 9,200.00 | 9,200.00 | 9,200.00 | 9,200.00 | 9,200.00 | 110,400.00 | 111,504.00 | 111,504.00 | 111,504.00 | 113,734.08 |
| **Total Reorganization Items** | $ - | $ 15,976.09 | $ 15,976.09 | $ 16,351.09 | $ 15,976.09 | $ 16,776.09 | $ 16,351.09 | $ 15,976.09 | $ 15,976.09 | $ 16,351.09 | $ 15,976.09 | $ 15,976.09 | $ 16,351.09 | $ 194,013.08 | $ 195,117.08 | $ 195,117.08 | $ 195,117.08 | $ 160,762.36 |
| **Ending Cash Balance** | $ 3,000.00 | $ 4,010.91 | $ 907.07 | $ 435.18 | $ 1,446.10 | $ 1,657.01 | $ (1,606.83) | $ (1,693.41) | $ (3,853.01) | $ (3,440.54) | $ (956.47) | $ (2,412.62) | $ 37.31 | $ 37.31 | $ (2,611.38) | $ (3,759.82) | $ (5,818.57) | $ 21,405.38 |

**EXHIBIT F**

# DRA. LAURA I. GALINDEZ MATOS
## LIQUIDATION ANALYSIS

| ASSET DESCRIPTION | FAIR VALUE | LIENS | DEBTOR'S INTEREST |
|---|---|---|---|
| CASH | $        320 | - | $        320 |
| RECEIVABLE FROM HEALTH INSURANCE PLANS | 52,956 | - | 52,956 |
| OFFICE EQUIPMENT | 4,520 | | 4,520 |
| MEDICAL EQUIPMENT | 12,500 | | 12,500 |
| INTEREST IN BUSINESS | 100 | | 100 |
| MOTOR VEHICLES: | | | |
| 2015 MERCEDES BENZ S550V | 67,550 | 67,550 | - |
| 2016 MERCEDES BENZ M1PV 126 | 32,125 | 32,125 | - |
| HOUSEHOLD GOODS & FURNISHINGS | 6,000 | | 6,000 |
| CLOTHING | 1,000 | | 1,000 |
| JEWELRY | 3,000 | | 3,000 |
| SECURITY DEPOSITS AND PREPAYMENTS | 450 | | 450 |
| **TOTAL ASSETS** | 180,521 | 99,675 | 80,846 |

| | |
|---|---|
| LESS: AMOUNT TO BE RECEIVED UNDER THE PLAN BY PRIORITY CREDITORS | (237,801) |
| LESS: AMOUNT TO BE RECEIVED UNDER THE PLAN BY UNSECURED CREDITORS | (19,335) |
| **PROJECTED (DEFICIENCY) SURPLUS IN LIQUIDATION VERSUS PROPOSED PLAN** | **$  (176,290)** |

**EXHIBIT G**

**DRA. LAURA I. GALINDEZ MATOS**
**DETAIL OF CLAIMS AND MONTHLY PAYMENTS**

| POC # | CREDITOR | CLAIM | ALLOWED CLAIM PER CLASS | | | | % OFFER | PROPOSED CLAIM BALANCE TO BE PAID | TERM IN YEARS | PROPOSED MONTHLY PAYMENT UNDER PLAN | TOTAL PAYOUT |
| | | | SECURED CLAIMS | PRIORITY TAX CLAIMS | OTHER PRIORITY CLAIMS | GENERAL UNSECURED CLAIMS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | DISCOVER BANK | 6,228.59 | | | | 6,228.59 | 3.0% | 186.86 | 5.00 | 3.11 | 186.86 |
| 2 | AMERICAN EXPRESS BANK | 15,754.40 | | | | 15,754.40 | 3.0% | 472.63 | 5.00 | 7.88 | 472.63 |
| 3 | AMERICAN EXPRESS CENTURION BANK | 11,802.86 | | | | 11,802.86 | 3.0% | 354.09 | 5.00 | 5.90 | 354.09 |
| 4 | POPULAR AUTO (surrendered) | 17,972.73 | | | | | 0.0% | - | N/A | - | N/A |
| 5 | INTERNAL REVENUE SERVICE | 79,657.87 | | 79,657.87 | | | 100.0% | 79,657.87 | 4.33 | 1,707.00 | 88,764.00 |
| 5 | INTERNAL REVENUE SERVICE | 28,298.09 | | | | 28,298.09 | 3.0% | 848.94 | 5.00 | 14.15 | 848.94 |
| 6 | MERCEDES BENZ FINANCIAL SERVICES | 67,550.00 | 67,550.00 | | | | 100.0% | 67,550.00 | 5.00 | 1,274.75 | 76,485.00 |
| 6 | MERCEDES BENZ FINANCIAL SERVICES | 49,582.65 | | | | 49,582.65 | 3.0% | 1,487.48 | 5.00 | 24.79 | 1,487.48 |
| 7 | CRIM | 2,290.99 | | 2,290.99 | | | 100.0% | 2,290.99 | 4.33 | 49.09 | 2,552.68 |
| 7 | CRIM | 17,038.24 | | | | 17,038.24 | 3.0% | 511.15 | 5.00 | 8.52 | 511.15 |
| 8 | MERCEDES BENZ FINANCIAL SERVICES | 32,125.00 | 32,125.00 | | | | 100.0% | 32,125.00 | 5.00 | 606.24 | 36,374.40 |
| 8 | MERCEDES BENZ FINANCIAL SERVICES | 10,313.08 | | | | 10,313.08 | 3.0% | 309.39 | 5.00 | 5.16 | 309.39 |
| 9 | MUNICIPIO DE SAN JUAN | 5,810.51 | | 5,810.51 | | | 100.0% | 5,810.51 | 4.33 | 124.51 | 6,474.52 |
| 9 | MUNICIPIO DE SAN JUAN | 2,939.55 | | | | 2,939.55 | 3.0% | 88.19 | 5.00 | 1.47 | 88.19 |
| 10 | PREMIER BANKCARD LLC | 924.57 | | | | 924.57 | 3.0% | 27.74 | 5.00 | 0.46 | 27.74 |
| 11 | PREMIER BANKCARD LLC | 630.90 | | | | 630.90 | 3.0% | 18.93 | 5.00 | 0.32 | 18.93 |
| 12 | BANCO POPULAR DE PR | 11,498.79 | | | | 11,498.79 | 3.0% | 344.96 | 5.00 | 5.75 | 344.96 |
| 13 | PR DEPARTMENT OF TREASURY | 125,646.70 | | 125,646.70 | | | 100.0% | 125,646.70 | 4.33 | 2,692.50 | 140,010.00 |
| 13 | PR DEPARTMENT OF TREASURY | 463,586.66 | | | | 463,586.66 | 3.0% | 13,907.60 | 5.00 | 231.79 | 13,907.60 |
| 14 | STATE INSURANCE FUND | 641.06 | | | | 641.06 | 3.0% | 19.23 | 5.00 | 0.32 | 19.23 |
| N/A | CHASE MANHATTAN | 15,915.15 | | | | 15,915.15 | 3.0% | 477.45 | 5.00 | 7.96 | 477.45 |
| N/A | MACY'S | 5,479.13 | | | | 5,479.13 | 3.0% | 164.37 | 5.00 | 2.74 | 164.37 |
| N/A | SEARS CARD | 3,876.32 | | | | 3,876.32 | 3.0% | 116.29 | 5.00 | 1.94 | 116.29 |
| | **TOTAL CLAIMS** | $ 975,563.84 | $ 99,675.00 | $ 213,406.07 | $ 0.00 | $ 644,510.04 | | $ 332,416.37 | | $ 6,776.35 | $ 369,995.90 |

1

EXHIBIT G-1

**DRA. LAURA I. GALINDEZ MATOS**

*CLAIMS RECAP PER CLASS:*

| | MONTHLY PAYMENT | LUMP SUM | TOTAL PAY OUT | | TOTAL ALLOWED CLAIMS |
|---|---|---|---|---|---|
| 1) *SECURED CLAIMS* | | | | | |
| *None* | $ 1,881 | $ 0 | $ 112,859 | N/A | $ 99,675 |
| 2) *UNSECURED CLAIMS* | | | | | |
| *Class 1* | 322 | 0 | 19,335 | 3.00% | 644,510 |
| 3) *PRIORITY TAX CLAIMS* | 4,573 | 0 | 237,801 | 111.43% | 213,406 |
| **TOTAL CLAIMS** | $ **6,776** | $ **0** | $ **369,996** | | $ **957,591** |

1