IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                    *

DRA. LAURA GALINDEZ MATOS            CASE NO. 17-01578(ESL)

                                     CHAPTER 11

Debtor
_____*


AMENDED MOTON IN COMPLIANCE WITH 1129 STATEMENT


TO THE HONORABLE COURT:

NOW COMES the above named debtor through the undersigned attorney and very respectfully alleges and states.

1. That debtor is a small business as defined by Section 101 (51D) of the Bankruptcy Code.

2. This Honorable Court entered Order dated September 12, 2017 conditionally approving the Disclosure Statement, fixing the time for filing acceptances or rejections to the plan and disclosure statement.

2. A hearing for final Approval of the Small Business Disclosure Statement and Small Business Reorganization Chapter 11 Plan is scheduled for February 6, 2017 at 10:00a.m.

3. Debtor herewith sets forth statement prior to confirmation hearing showing compliance with each requirement of section 1129, list of acceptances, computation of votes and compliance with LBR 3022-1.

4. In a small business case, the court shall confirm a plan that complies with the applicable provisions of section 1129 and that is filed in accordance with section 1121(e) not later than 45 days after the plan is filed unless the time for confirmation is extended in accordance with section 1121(e)(3).

2

2. Debtor herewith states that creditor Mercedes Benz has accepted the Plan dated September 5, 2017 together with the Supplement filed on November 22, 2017. Creditor Mercedes Benz has two (2) unsecured claims in class one (1), respectively each, $117,132.65 and $42,438.08.

3. Allowed secured claims class #1 is impaired and will receive 100% with 6.5% interest of the allowed claim under the plan totaling the sum of $117,015.00.

4. Allowed general unsecured claims class #2 is impaired and will receive 3% of the allowed claim totaling the sum of $19.335.00.

5. Priority tax claims are not impaired , hence they are not entitled to vote.

6. That all requirements for confirmation of plan as set forth in 11 U.S.C. §1129 have been complied with to wit:

    a. (a)(1)- The plan complies with the applicable provisions of chapter 11, such as section 1122 and 1123, governing classification and contents of plan. All required tax returns have been filed.

    b. (a)(2)- Debtor complies with the applicable provisions of Chapter 11, a Disclosure Statement was filed and the same was notified to parties in interest in accordance with Law. The same was conditionally approved.

    c. (a) (3) - Debtor has filed the plan in good faith,

3

and not by any means forbidden by law.

d. (a) (4) – There are no payments pending for services or for costs and expenses in connection with the case, or in connection with the plan and incident to the case. No other payments are pending for services or for costs and expenses in connection with the case, or in connection with the plan and incident to the case. Any payment to be fixed after confirmation must be subject to the approval of the court as reasonable.

e. (a) (5) – Debtor has disclosed that there are no affiliates proposed to serve after confirmation of the plan as a director, officer, or voting trustee of the debtor; nor as affiliate of the debtor participating in a joint plan with the debtor; nor as successor to the debtor under the plan.

f. (a) (6) - There are no rate changes in plan.

g. (a) (7) – With respect to each impaired class of claims or interests each holder of a claim or interest of such class has accepted the plan; or will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under Chapter 7. Class #1 and #2 is receiving more than it would receive under a Chapter 7 liquidation case.

h. (a) (8) - With respect to each class of claims such class has accepted the plan; or such class is not impaired under the plan. The plan does not impair the rights of class #3,

4

Equity interest holders.

    i. (a) (9) - The plan provides that with respect to claims specified in section 507(a)(2), 507(a)(3), 507(a)(6) and 507 (a)(8) of this title, on the effective date of the plan the holder of such claim will receive cash equal to the allowed amount of such claim, if such has accepted the plan deferred cash payments of a value as of the effective date of the plan equal to the allowed amount of such claim; or if such class has not accepted the plan, cash on the effective date of the plan equal to the allowed amount of such claim as of the effective date of the plan over a period ending not later than 5 years after the date of the order for relief and in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan.

    j. (a) (11) - Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan.

    k. (a) (12) – NO fees are due under section 1930 of title 28, as determined by the court at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the plan.

    l. (a) (13) - Debtor has no retirement benefits for employees, hence the plan does not provide for any.

    m. (a) (16) - The plan does not provide for any

5

transfer of properties, thus debtor does not contemplate any transfers of property.

n. (b) (1) - All applicable requirements for confirmation of subsection (a) are met, except paragraph (8), the plan does not discriminate unfairly, is fair and equitable; each holder of an unsecured claim will receive on account of such claim monthly payments as of the effective date of the plan equal to the allowed claim. Therefore debtor requests that this Honorable Court confirm the plan on its day.

5. That pursuant to LBR 3022(1) - In a chapter 11 reorganization after an estate is fully administered, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case. The estate will be fully administered when Order confirming the plan becomes final and plan payments have commenced. There are no contested matters pending.

6. Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business

6

or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

WHEREFORE it is respectfully requested that this Honorable Court take notice of the aforestated.

I CERTIFY that on this date a copy of this document was filed with the Clerk of the Court using the CM/ECF system which will send notification to all CM/ECF participants, to the Office of the U.S. Trustee, Assistant U.S. Trustee Monsita Lecaroz, Esq. and by regular mail to all creditors and parties in interest as per creditors list.

In San Juan, Puerto Rico, this December 26, 2017.

/s/ EMILY DARICE DAVILA ESQ
EMILY D DAVILA, USDC-PR 214503
MIDTOWN SUITE 311
420 PONCE DE LEON
SAN JUAN, PR  00918
Tel.787 759-8090,FAX 759-9620
davilalawe@prtc.net
davilalaww@prt.net

```
LAURA IVETTE GALINDEZ MATOS
2000 CARR 8177
PMB 353 SUITE 26
Guaynabo PR 00966

EMILY DARICE DAVILA ESQ
EMILY D DAVILA LAW FIRM
420 PONCE DE LEON AVE
MIDTOWN SUITE 311
San Juan PR 00918

AMERICAN EXPRESS
BANKRUPTCY DIVISION
PO BOX 650448
Dallas TX 75265-0448

CITIBANK
PO BOX 11917
SAN JUAN PR 00922-1917

CHASE
P0 BOX 94014
Palatine IL 60094

CRIM
BANKRUPTCY DIVISION
PO BOX 195387
SAN JUAN PR 00919-5387

DEPARTAMENT OF TREASURY
PO BOX 9024140
San Juan PR 00902-4140

DEPARTMENT OF TREASURY
BANKRUPTCY DIVISION
PO BOX 9024140
SAN JUAN PR 00902-2501

DEPARTMENT OF TREASURY
BANKRUPTCY DIVISION
PO BOX 9022501
SAN JUAN PR 00902-2501

DISCOVER CARD SERVICES
BANKRUPTCY DIVISION
PO BOX 15251
WILMINGTON DE 19886

DISCOVER FINANCIAL SERVICES, LLC
PO BOX 3025
NEW ALBANY, OH 43054-30025

FIRST PREMIER BANK
```

```
PO BOX 5147
SIOUX FALLS SD 57117-5147

INTERNAL REVENUE SERV
PO BOX 7346
PHILADELPHIA PA 19101-7346

MACY'S
PO BOX 8118
MASON OH 45040

MERCEDES BENZ FINANCIAL
C/O BK SERVICING, LLC
PO BOX 131265
ROSEVILLE MN 55113-0011

PR DEPARTMENT OF LABOR
PRUDENCIO RIVERA MARTINEZ
505 MUNOZ RIVERA AVE
12 FLOOR
SAN JUAN, PR 00918

SEARS CARD
BANKRUPTCY DIVISION
PO BOX 78051
Phoenix AZ 85062

STATE INSURANCE FUND
PO BOX 365028
San Juan PR 00936-5028
```